IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NETJETS ASSOCIATION OF SHARED
AIRCRAFT PILOTS,

        Plaintiff,

    vs.                             Civil Action 2:14-cv-2487
                                            Judge Watson
                                            Magistrate Judge King
NETJETS, INC., *et al.*,

        Defendants.

<u>PRELIMINARY PRETRIAL ORDER</u>

A preliminary pretrial conference was held on February 25, 2015. All parties were represented.

Plaintiff, a labor organization and the exclusive bargaining representative of pilots employed by defendant NetJets Aviation, Inc., brings this action for damages and injunctive relief under the Railway Labor Act, 45 U.S.C. § 151 *et seq.*, and the Stored Communications Act, 18 U.S.C. § 2701 *et seq.*, alleging that defendants unlawfully accessed confidential communications to plaintiff's union members and impersonated union members.

There is a jury demand.

The parties agree that the Court has subject matter jurisdiction under 28 U.S.C. § 1331, that the Court has personal jurisdiction over the parties and that venue is proper.

Defendants have filed a motion to dismiss for failure to state a claim, Fed. R. Civ. P. 12(b)(6). ECF 9. Plaintiff has until February 27, 2015 to respond to that motion and/or to amend the complaint. *Order*, ECF 17. Plaintiff currently expects to file an amended

complaint, which will render moot the motion to dismiss the original *Complaint*.

The Court declines to stay discovery pending resolution of a potentially dispositive motion. However, the Court will expect all counsel to proceed with a view to minimizing the risk of unnecessary expense and burden to any party. If any party concludes that a specific discovery request is unreasonable, considering the posture of the case, that party may request a conference with the Court to resolve any dispute that the parties are unable to resolve on their own.

The parties shall make their Rule 26(a)(1) disclosures no later than March 31, 2015.

The parties anticipate a proposed protective order. The parties are advised that the Court will authorize the filing of materials under seal only upon express leave of Court, only upon a showing good cause, and only to the extent necessary to preserve legitimate confidentiality concerns. *See Proctor & Gamble Co. v. Bankers Trust Co.,* 78 F.3d 219, 227 (6th Cir. 1996); *Brown & Williamson Tobacco Corp. v. FTC,* 710 F.2d 1165, 1177 (6th Cir. 1983).

The parties contemplate substantial discovery of electronically stored information and continue to discuss terms governing that discovery.

The parties may, without further leave of Court, agree to exceed the limits on discovery established by the Federal Rules of Civil Procedure or the local rules of this Court. Absent agreement, the parties will arrange a conference with the Court.

Plaintiff is conducting third party discovery of internet service

providers and currently intends to file an amended complaint. Defendants are considering the assertion of counterclaims. Under these circumstances, the Court concludes that a firm pretrial schedule should await further developments.

**The Court will conduct a continued preliminary pretrial schedule on May 27, 2015, at 2:00 p.m.** The parties are **DIRECTED** to file a revised Rule 26(f) Report seven (7) days prior to the continued preliminary pretrial schedule.

If any date set herein falls on a weekend or legal holiday, the date of the next business day will control.

**The parties are advised that Judge Watson does not permit the filing of memoranda longer than 20 pages except with express leave of Court and demonstration that the complexity of the case requires the filing.**

*s/Norah McCann King*
Norah M<sup>c</sup>Cann King
United States Magistrate Judge

Date: February 25, 2015