```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

**NETJETS ASSOCIATION OF SHARED**
**AIRCRAFT PILOTS,**

        **Plaintiff,**

   vs.                                                           Civil Action 2:14-cv-2487
                                                                   Judge Watson
                                                                   Magistrate Judge King

**NETJETS, INC.,** *et al.***,**

        **Defendants.**


## OPINION AND ORDER

Plaintiff, a labor organization and the exclusive bargaining representative of pilots employed by defendant NetJets Aviation, Inc., instituted this action for damages and injunctive relief under the Railway Labor Act, 45 U.S.C. § 151 *et seq.*, and the Stored Communications Act, 18 U.S.C. § 2701 *et seq.*, alleging that defendants – NetJets Aviation and a number of "Doe" defendants - unlawfully accessed confidential communications to plaintiff's union members and impersonated union members. *Amended Complaint*, ECF No. 21. This matter is now before the Court on plaintiff's motion for leave to file a second amended complaint. *Plaintiff NetJets Association of Shared Aircraft Pilots' Revised Motion for Leave to File Second Amended Complaint*, ECF No. 77 ("*Motion to Amend*"). Defendants oppose the motion. *Defendants' Memorandum in Opposition to Plaintiff's Revised Motion for Leave to File Second Amended Complaint*, ECF No. 82 ("*Memorandum in Opposition*"). Plaintiff has filed a reply in support of the *Motion to Amend. Plaintiff NetJets Association of Shared*

*Aircraft Pilots' Reply in Support of Revised Motion for Leave to File Second Amended Complaint*, ECF No 83.

The *Motion to Amend* is governed by Rule 15(a) of the Federal Rules of Civil Procedure. That rule provides that "[t]he court should freely give leave [to amend] when justice so requires." F.R. Civ. P. 15(a)(2). "[T]he thrust of Rule 15 is to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Moore v. City of Paducah,* 790 F.2d 557, 559 (6th Cir. 1986) quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982).

The grant or denial of a request to amend a complaint is left to the broad discretion of the trial court. *General Elec. Co. v. Sargent & Lundy,* 916 F.2d 1119, 1130 (6th Cir. 1990). In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962). However, leave to amend is properly denied where the claim sought to be asserted by the amendment would not survive a motion to dismiss. *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006)("A district court may deny a plaintiff leave to amend his or her complaint. . . when the proposed amendment would be futile."). In the Sixth Circuit, "there must be 'at least some significant showing of prejudice to the opponent' if the motion [to amend] is to be denied." *Janikowski v. Bendix Corp.,* 823 F.2d 945, 951 (6th Cir. 1987) quoting

*Moore,* 790 F.2d at 562.

The proposed *Second Amended Complaint*, attached to the *Motion to Amend* as Exhibit ECF No. 77-2, would seek to join as a defendant one Steven Todd Weeber (a former NetJets employee), would assert against all defendants new claims under the Computer Fraud and Abuse Act, 18 U.S.C. § 2701, and O.R.C. § 2913.04(B), and would remove the previously asserted claim based on Section 2. First of the RLA (Count II of the *Amended Complaint*). Defendants oppose the *Motion to Amend* on the basis of undue delay and resulting prejudice to them. *Memorandum in Opposition*, PAGEID# 937. In particular, defendants note that the proposed new claims are based on the same factual allegations made in the original *Complaint* and the *Amended Complaint* and that the proposed new defendant was mentioned by name in those pleadings. *Id.* at PAGEID# 938-39. Defendants also argue that the grant of the *Motion to Amend* will work to their prejudice: they will be required to renew their motion to dismiss in response to the *Second Amended Complaint*, they may be required to respond to duplicative discovery, and the pretrial schedule, *see Order*, ECF No. 75 (establishing a firm pretrial schedule in this action),[1] may not accommodate discovery related to new claims and a new defendant. *See generally Memorandum in Opposition.*

The Court concludes that, even if there has been delay in seeking to further amend the *Amended Complaint*, defendants have not made the requisite showing of at least some significant prejudice should the

---

[1] The *Motion to Amend* repeatedly and erroneously represents that a pretrial schedule has not been established, and that the parties remain restricted in their ability to conduct discovery. See, e.g., *Motion to Amend,* PAGEID# 867.

*Motion to Amend* be granted. *See Janikowski v. Bendix Corp.,* 823 F.2d at 951. Defendants will be required to renew their motion to dismiss regardless of the resolution of the *Motion to Amend*. *See Order*, ECF No. 78 (denying the motion to dismiss without prejudice to renewal following resolution of the *Motion to Amend*). Moreover, this Court is confident in its ability to restrict duplicative discovery or to address other discovery issues that might arise. Finally, it is not apparent to the Court that the current pretrial schedule cannot be preserved notwithstanding the grant of the *Motion to Amend.*

The *Motion to Amend*, ECF No. 77, is therefore **GRANTED**. The Clerk is **DIRECTED** to file the tendered *Second Amended Complaint*, which is attached to Doc. No. 77.

*s/Norah McCann King*
Norah M<sup>c</sup>Cann King
United States Magistrate Judge

Date: August 3, 2016