UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NetJets Association of
Shared Aircraft Pilots,

    Plaintiff,

v.

NetJets, Inc., et al.,

    Defendants.

Case No. 2:14–cv–2487

Judge Michael H. Watson
Magistrate Judge Jolson

## OPINION AND ORDER

**Enough**. The multitude of recent filings in this case is counterproductive. The Court herein addresses two pending motions, Plaintiff's motion for reconsideration, ECF No. 103, and NetJets' motion to strike the same, ECF No. 112. The parties shall refrain from filing additional motions related to the pending motion to enforce the oral settlement agreement, ECF Nos. 95 & 98, absent express direction from the Court.

### I. Motion for Reconsideration

Defendants NetJets, Inc. and NetJets Aviation, Inc. (collectively, "NetJets") filed a redacted motion to enforce the oral settlement agreement on August 22, 2016. ECF No. 95. NetJets filed a motion for leave to file the unredacted version under seal that same day. ECF No. 94. Noting that the publicly-available motion had been "redacted modestly," the Court found that NetJets stated good cause to file the unredacted version under seal. Order 1, ECF No. 97.

Plaintiff subsequently moved for reconsideration of the Court's order granting NetJets' motion to seal. ECF No. 103. Motions for reconsideration typically are not granted unless there exists an intervening change in controlling law, new evidence available, or a need to correct a clear error or prevent manifest injustice. *See, e.g., Settle-Muter Elec., Ltd. v. Siemens Industry, Inc.*, No. 2:15–cv–2470, 2016 WL 5025747, at *2 (S.D. Ohio Sept. 20, 2016). Plaintiff proceeds under the third prong of this test.

Plaintiff argues that reconsideration is warranted because the Court granted the motion to seal before the time for opposing the same had expired. Plaintiff cites Sixth Circuit authority in which courts granted motions for summary judgment before allowing the opposing party to respond. These cases are clearly inapposite and do not support the position Plaintiff advances.

Plaintiff next argues that clear error exists because the Court did not set forth its reasons for granting the motion to seal. In granting the motion, however, the Court explicitly accepted NetJets' assertions that the motion to enforce the oral settlement contains sensitive, proprietary, and confidential information that NetJets permits only a select group of individuals to view. *See* Order 2, ECF No. 97. The Court noted that NetJets had narrowly redacted only this specific information from the public document. *Id.* The Court finds no clear error or manifest injustice in this regard.

Plaintiff next argues that NetJets failed to meet its burden in demonstrating why the motion to enforce the oral settlement should be sealed. Plaintiff asserts

that NetJets' assertions do not "adequately describe trade secrets," that the "actual material does not constitute a trade secret," that NetJets did not "actually disclose" the proprietary information in their publicly-filed motion to seal, and that NetJets "submitted no declaration" in support of its claims. Mot. for Recons. 7, ECF No. 103. Plaintiff cites case law in which the Sixth Circuit found no compelling justification for sealing large portions of the litigation (including, in one case, the existence of the lawsuit itself). *See Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, No. 16-5055, 2016 WL 4410575, at *1–3 (6th Cir. July 27, 2016); *Shane Grp. Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 302–05 (6th Cir. 2016).

Plaintiff's argument asks too much of the authority on which it relies. Unlike the cases Plaintiff cites, this case involves a small amount of information from one document that has been redacted and sealed from the public view. The Court accepted NetJets' assertion that this information is proprietary and would harm its business interests if released. Moreover, the sealed information in this case references conduct and policies that are relevant to an alleged settlement agreement but not to the facts underlying this litigation. The Court again finds no clear error or manifest injustice in this regard.

Plaintiff finally argues that NetJets' arguments in support of its motion to seal are pretextual because NetJets actually seeks to conceal the bargain underlying the alleged oral settlement agreement. But this fact actually supports the Court's order granting NetJets' motion to seal. If the Court finds that the

parties reached an oral settlement agreement, then the bargain underlying that agreement could raise additional confidentiality concerns. See, e.g., S.D. Ohio Civ. R. 16.3(c)(1). The Court finds no reason to reconsider its Order granting NetJets' motion to seal on this ground.

The Court accordingly **DENIES** Plaintiff's motion for reconsideration, ECF No. 103.

## II. Motion to Strike

The Court next addresses NetJets' pending motion to strike the motion for reconsideration. ECF No. 112. NetJets argues that, in asking the Court to reconsider its previous order, Plaintiff "referred to material contained in NetJets' Motion to Enforce that had been sealed by the Court." Mot. to Strike 2, ECF No. 112. Plaintiff responds that it did not disclose any of the operational data over which NetJets asserts a proprietary interest. See Resp. 2, ECF No. 114.

Having considered the parties' arguments, the Court agrees with NetJets that the motion for reconsideration references redacted and sealed information. This information alludes to internal processes through which NetJets uses operational data as well as certain conclusions NetJets reached from reviewing that data, both of which implicate the confidentiality concerns NetJets expressed in its motion to seal. The Court accordingly **DIRECTS** the Clerk to place ECF No. 103, Motion for Reconsideration, under seal. Plaintiff shall file a redacted version of the same that omits the information NetJets identified in pages 2–3 of

its motion to strike. The Court **DENIES AS MOOT** NetJets' request to strike the motion at issue, ECF No. 112.

### III. Conclusion

In summary, the Court takes the following action with respect to the pending motions discussed above:

- **DENIES** the motion for reconsideration, ECF No. 103; and
- **DENIES AS MOOT** the motion to strike, ECF No. 112.

The Court **DIRECTS** the Clerk to remove these motions from the Court's pending motions list. The Court further **DIRECTS** the Clerk to place ECF No. 103 under seal.

The parties are hereby **ORDERED** to refrain from filing additional motions related to the pending motion to enforce the oral settlement agreement, ECF Nos. 95 & 98, absent the Court's express direction. Any such motions will be stricken from the record without review.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT

*/s/ Kimberly A. Jolson*
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE